IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 09 B 15082 |
| | ) | |
| SL FINANCIAL OF MA, LLC, an Illinois limited liability company, | ) ) | Chapter 11 |
| | ) | Honorable Jacqueline P. Cox |
| Debtor. | ) ) | |
| | ) | **Hearing Date:   February 10, 2010** |
| | ) | **Hearing Time:   9:30 a.m.** |
| | ) | **Courtroom:       619** |

**NOTICE OF HEARING ON FRANK/GECKER LLP'S FIRST
AND FINAL APPLICATION FOR PROFESSIONAL COMPENSATION AND
REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL TO THE DEBTOR**

PLEASE TAKE NOTICE that on **Wednesday, February 10, 2010, at 9:30 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Jacqueline P. Cox of the United States Bankruptcy Court for the Northern District of Illinois, or whomever may be sitting in her place and stead, and then and there present **Frank/Gecker LLP's First and Final Application for Professional Compensation and Reimbursement of Expenses Incurred as Debtor's Counsel**, a copy of which is attached hereto and hereby served upon you.

Dated: January 21, 2010

Respectfully submitted,

FRANK/GECKER LLP

By:  */s/ Joseph D. Frank*
     One of its attorneys

Joseph D. Frank (No. 6216085)
Jeremy C. Kleinman (No. 6270080)
Zane L. Zielinski (No. 6278776)
FRANK/GECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois 60654
Tel.:   (312) 276-1400
Fax:   (312) 276-0035

{ SLFINAN / 001 / 00020497.DOC /}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 09 B 15082 |
| | ) | |
| SL FINANCIAL OF MA, LLC, | ) | Chapter 11 |
| an Illinois limited liability company, | ) | |
| | ) | Honorable Jacqueline P. Cox |
| Debtor. | ) | |

**FRANK/GECKER LLP'S FIRST AND FINAL APPLICATION
FOR PROFESSIONAL COMPENSATION AND REIMBURSEMENT
OF EXPENSES INCURRED AS COUNSEL TO THE DEBTOR**

Frank/Gecker LLP ("F/G"), counsel to SL Financial of MA, LLC, an Illinois limited liability company (the "Debtor"), hereby submits its first and final application (the "Application") pursuant to 11 U.S.C. §§ 330, 331 and 507(a)(1) seeking compensation totaling $38,146.50 for legal services performed as counsel to the Trustee during the period of April 27, 2009 through and including December 31, 2009 (the "Application Period") and reimbursement of expenses totaling $1,221.69 incurred in connection with those services. In support of its Application, F/G respectfully states as follows:

**INTRODUCTION**

1.  On April 27, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Bankruptcy Court").

2.  The primary asset of the Debtor's estate is a parcel of land and vacant industrial building located at 180 Laurel Street in Greenfield, Massachusetts (the "Property"). Although the Property is not encumbered by a mortgage, the town of Greenfield, Massachusetts asserts a tax lien against the Property.

3.  On June 10, 2009, this Court entered an order authorizing the Debtor to retain F/G as its counsel, retroactive to June 10, 2009 [Docket No. 18].

4.  The professional services that F/G has provided on behalf of the Committee during the Third Interim Period include:

- Preparing and filing the Debtor's Chapter 11 Petition, Schedules, Statement of Financial Affairs and other initiating documents;

- Assisting the Debtor in the investigation and evaluation of its rights and strategic options with respect to the Debtor's estate;

- Assisting the Debtor in the determination of its liabilities;

- Meeting and negotiating with creditors and their representatives and other interested parties regarding matters relating to the administration of the Debtor's estate;

- Meeting and negotiating with creditors and their representatives and other interested parties regarding matters relating to the administration of the Debtor's estate;

- Advising the Debtor with respect to the negotiation and formulation of a plan of reorganization;

- Advising the Debtor with respect to its reporting obligations;

- Representing the Debtor at the meeting of creditors pursuant to section 341 of the Bankruptcy Code;

- Representing the Debtor in any and all contested matters arising in the Debtor's bankruptcy case;

- Investigating, prosecuting and negotiating the settlement of an adversary proceedings against First American Title Insurance Company;

- Investigating, prosecuting, defending an intervening action and negotiating the settlement of an adversary proceeding against the Debtor brought by the Town of Greenfield, Massachusetts;

- Advising the Debtor with respect to its reporting obligations and filing the Debtor's monthly operating reports; and

- Performing all other legal services as required.

5. To aid the Court in its review of this application, the F/G has divided this application into three parts. Part I describes the practical and legal issues encountered by the F/G, actions taken and results obtained by counsel. Part II describes the qualifications and areas of expertise of the F/G's attorneys. Part III describes the manner in which fees were calculated by the F/G's attorneys.

I. <u>**SERVICES PERFORMED**</u>

    A. **Administration**     **$5,355.50**

F/G spent 16.10 hours at a cost of $5,355.50 on issues relating to case administration. These tasks included: preparing F/G's retention motion; preparing for and conducting the Debtor's initial and continued meetings of creditors pursuant to section 341 of the Bankruptcy Code; preparing and filing the Debtor's Monthly Operating Reports; communicating with the United States Trustee about the case; reviewing documents; and performing necessary administrative tasks.

    B. **Court Appearances**     **$1,797.50**

F/G spent 6.30 hours at a cost of $1,797.50 preparing for and attending court hearings in the bankruptcy and adversary proceedings.

    C. **Fee Applications**     **$420.50**

F/G spent 2.90 hours at a cost of $420.50 preparing F/G's First and Final Application for Professional Compensation and Reimbursement of Expenses Incurred as Counsel to the Debtor.

    D. **Greenfield Adversary**     **$5,045.00**

F/G spent 15.90 hours at a cost of $5,045.00 investigating, pursuing and ultimately resolving a claim against the Town of Greenfield, Massachusetts, including an intervening claim brought by First American Title Insurance Company.

  E.  **Petition, Statement of Financial Affairs and Schedules**  **$2,590.00**

F/G spent 8.80 hours at a cost of $2,590.00 preparing and filing the Debtor's Chapter 11 Petition, Statement of Affairs and related requisite initial documents.

  F.  **Title Insurance Adversary**  **$22,938.00**

F/G spent 74.20 hours at a cost of $22,938.00 investigating, pursuing and ultimately resolving a claim against First American Title Insurance Company.

**II.**  **PROFESSIONALS PROVIDING SERVICES TO THIS ESTATE**

  A.  <u>Joseph D. Frank</u> (JDF) is a partner at F/G. Mr. Frank graduated from the University of Chicago Law School in 1993 with honors. Mr. Frank specializes in bankruptcy law and litigation and workouts, and has represented trustees, debtors, committees and creditors in bankruptcy cases throughout the country. Mr. Frank has supervised other attorneys at F/G with respect to all issues in the case.

  B.  <u>Jeremy C. Kleinman</u> (JCK) is a bankruptcy associate at F/G. Mr. Kleinman graduated from the University of Michigan Law School in 1999 and served as law clerk to the Honorable John D. Schwartz. Mr. Kleinman has taken the lead role with respect to most issues in the case.

  C.  <u>Zane L. Zielinski</u> (ZLZ) is an associate at Frank/Gecker LLP. Mr. Zielinski is a 2002 graduate of Chicago-Kent College of Law, where he was a member of the Editorial Board of the Chicago-Kent Law Review and was elected to the Order of the Coif. Mr. Zielinski specializes in bankruptcy law and has represented trustees, debtors and creditors in bankruptcy cases. Mr. Zielinski has taken the lead role with respect to most issues in the case.

  D.  <u>Christina S. Smith</u> (CSS) is a paralegal at F/G specializing in bankruptcy. Ms. Smith provided administrative support.

E. <u>Christina Carpenter</u> (CC) is a paralegal at F/G. Ms. Carpenter provided administrative support.

| Timekeeper | Bar Date Admission | Hourly Rate | Hours Billed | Charges |
|---|---|---|---|---|
| Joseph D. Frank | 1993 | $550.00 | 10.90 | $5,995.00 |
| Jeremy C. Kleinman | 1999 | $325.00 | 34.60 | $11,245.00 |
| Zane L. Zielinski | 2002 | $275.00 | 72.90 | $20,047.50 |
| Christina S. Smith | paralegal | $175.00 | .60 | $ 105.00 |
| Christina Carpenter | paralegal | $145.00 | 5.20 | $ 754.00 |
| **Total:** | | | 124.20 | $38,146.50 |
| **Average Hourly Rate:** | | **$307.39** | | |

## III. <u>CALCULATION OF TIME AND FEES</u>

This is F/G's first interim and final application for compensation and reimbursement of expenses incurred as the Debtor's counsel. It covers the period from April 27, 2009 to and including December 31, 2009. All professional services for which compensation is requested herein, and all reimbursement for expenses incurred, have been for services directly related to this case and that were rendered for the benefit of the Trustee. No agreement or understanding exists between F/G and any other person for the sharing of compensation received or to be received in connection with the case, other than as disclosed herein or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331.

In preparing this fee application, F/G has calculated the amount of time spent by each attorney and paralegal in performing actual, necessary legal services for the Trustee, as shown on **Exhibit A** attached hereto. The data used came directly from computer records that are kept by F/G for each of its clients. The hourly rates charged are the regular hourly rates charged by F/G to its clients. F/G has endeavored to avoid duplication of effort between parties, and in certain instances where more than one attorney billed for a specific task, there was a need for multiple

{ SLFINAN / 001 / 00020497.DOC /} 5

attorneys' involvement or the time of one of the attorneys was voluntarily written off. This type of representation has been approved in analogous circumstances. *See Berberena v. Coler*, 753 F.2d 629 (7th Cir. 1985); *In re Washington Mfg. Co.*, 101 B.R. 944 (Bankr. M.D. Tenn. 1989); *In re N-Ren Corp.*, 71 B.R. 488 (Bankr. S.D. Ohio 1987).

The Application also includes out-of-pocket expenses incurred in the amount of $1,221.69, as itemized on **Exhibit A**. F/G does not bill its clients or seek compensation in this Application for its overhead expenses, including word processing, in-house photocopying, facsimile transmissions, long distance telephone and legal research; instead, such expenses are factored into F/G's normal and customary rates. However, F/G does not include charges for postage, outside photocopying, messenger services or local transportation in its overhead because it has determined that it is fairer to F/G's smaller clients who use proportionately less of these services to have these expenses billed separately. These charges fairly compensate F/G for its actual costs and do not result in undue revenue for the firm. Moreover, F/G's non-bankruptcy clients routinely are billed for and pay these types of expenses. *See In re Continental Securities Litigation*, 962 F.2d 566, 570 (7th Cir. 1992).

The expenses for which F/G now seeks reimbursement are as follows:

| Type of Expense | Amount Incurred |
|---|---|
| Federal Express | $164.75 |
| Filing Fees | $1,039.00 |
| Messenger Delivery | $5.52 |
| Postage | $13.42 |
| **Total** | **$1,222.69** |

No compensation has been promised to F/G other than as disclosed or as approved by this Court. F/G certifies that there is no agreement between it and any other party regarding the sharing of fees except among F/G's partners, and F/G has not discussed or negotiated the amount

of its fees with any party except its client.  Finally, F/G represents that it is and remains a disinterested party and does not hold any relationship adverse to this estate.

WHEREFORE, F/G respectfully requests that this Court enter an Order:

A. Allowing F/G reasonable compensation for actual, necessary legal services rendered during the Application Period, on an interim basis, in the total amount of $38,146.50;

B. Allowing F/G reimbursement for actual, necessary expenses incurred during the Application Period in the total amount of $1,221.69;

C. Authorizing F/G to apply the funds it holds as a retainer in the amount of $15,000.00;

D. Authorizing the Debtor to pay $24,368.19 from the assets of the Debtor's estate; and

E. Granting such other relief as the Court deems just and equitable.

Dated: January 21, 2010                                   Respectfully submitted,

                                                          FRANK/GECKER LLP


                                                          By:   */s/ Joseph D. Frank*
                                                                 One of its attorneys

Joseph D. Frank (No. 6216085)
Jeremy C. Kleinman (No. 6270080)
Zane L. Zielinski (No. 6278776)
FRANK/GECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois  60654
Telephone:     (312) 276-1400
Facsimile:     (312) 276-0035

## **CERTIFICATE OF SERVICE**

I, Joseph D. Frank, an attorney, hereby certify that on **January 21, 2010**, a true and correct copy of **Frank/Gecker LLP's First and Final Application for Professional Compensation and Reimbursement of Expenses Incurred as Counsel to the Debtor** was filed electronically. Notice of the filing, together with a true and correct copy of the motion, will be automatically served upon all parties who are named on the attached Electronic Mail Notice List by operation of the Court's Electronic Filing System. In addition, I caused copies to be sent to the parties listed on the attached Service List via First Class U.S. Mail, postage prepaid, on **January 21, 2010**.



          */s/ Joseph D. Frank*

# Mailing Information for Case 09-15082

### Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive e-mail notices for this case.

- Joseph D Frank    jfrank@fgllp.com, ccarpenter@fgllp.com;knewman@menterlaw.com;jkleinman@fgllp.com
- B Lane Hasler    lanehasler@blhpc.com
- Jeremy C Kleinman    jkleinman@fgllp.com
- William T Neary    USTPRegion11.ES.ECF@usdoj.gov
- Zane L Zielinski    zzielinski@fgllp.com, csmith@fgllp.com;dortiz@fgllp.com;ccarpenter@fgllp.com

## SERVICE LIST

*In re SL Financial of MA, LLC*
**Case No. 09 B 15082**

| | |
|---|---|
| Gretchen Silver<br>OFFICE OF THE UNITED STATES TRUSTEE<br>219 South Dearborn Street<br>Suite 873<br>Chicago, Illinois  60604<br>*Fax:  (312) 886-5794*<br>gretchen.silver@usdoj.gov<br>**United States Trustee** | John Tully<br>Daniel McGuire<br>WINSTON & STRAWN, LLP<br>35 West Wacker Drive<br>Chicago, Illinois  60601-9703<br>*Fax:  (312) 558-5700*<br>jtully@winston.com<br>dmcguire@winston.com<br>**Counsel for First American Title Insurance Company** |
| B. Lane Hasler<br>B. LANE HASLER, P.C.<br>1530 South State Street, Suite 17A<br>Chicago, Illinois  60605<br>*Fax:  (312) 893-0551*<br>lanehasler@blhlawpc.com<br>**Counsel for Town of Greenfield, MA** | Frank P. Fitzgerald<br>FRANK P. FITZGERALD PC<br>46 Center Square<br>East Long Meadow, Massachusetts  01028<br>*Fax: (413) 486-1120* |
| MOWRY & SCHMIDT, INC.<br>15 Power Court<br>Greenfield, Massachusetts  01301 | |